**Edward L. WOLF, Appellant,**

v.

**OLD REPUBLIC LIFE INSURANCE COMPANY, Respondent.**

**No. 30127.**

Missouri Court of Appeals,
Western District.

Sept. 4, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1979.

Robert J. Graeff, Michael W. Manners, Independence, for appellant.

Max W. Foust, Lloyd L. Messick, Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from jury verdict denying recovery to surviving spouse under accidental death policy.

Luvena Wolf, the deceased spouse of appellant, had a history of cancer. This unfortunate malady had led to the removal of a breast and kidney. Medical evidence contained in the record established she suffered from cancer of the right femur. Indeed, it was this last condition which, at trial, was the center of the dispute.

Luvena Wolf sustained a fracture of the right femur and left humerus for which she was hospitalized. During her recovery, she died as a result of a pulmonary embolus. A secondary cause of death was listed as metastatic carcinoma of the kidney. The evidence was that a leg injury and cancer are both predisposing elements to an embolism. There was medical testimony which, in summary, concluded the fracture of the right femur was the direct result of a pathological fracture. The physician treating the deceased stated the deceased was doing nothing other than walking in a normal fashion when she felt the pain, later determined to be the fracture.

Exhibits introduced at trial included a case history secured by the treating physician, which in part stated, "Today while walking, she developed spontaneous, severe pain in her mid femur and fell to the ground, landing on her left shoulder."

During the course of the trial, the main issue drawn was whether, as was pointed out in respondent's brief, the fracture of the femur was caused by the cancerous weakening of the bone or by a fall.

The jury found in favor of respondent insurance carrier, and the surviving spouse, appellant herein, filed this appeal, alleging the trial court erred in the giving of instruction no. 5. This is the only point raised on appeal.

Instruction no. 5 reads as follows, "The phrase 'accidental bodily injury' as used in these instructions means injury as a result of external, violent and accidental means. (MAI 15.03) (Modified)"

The contention by appellant is that the foregoing instruction misdefines the law as to the definition of "accidental means" as that term is used within insurance policies. Appellant implores the court to extend the rule under *Kearbey v. Reliable Life Insurance Company of Webster Groves, Missouri*, 526 S.W.2d 866 (Mo.App.1975). This case dealt with the question of the presumption against suicide and distinguished between an intentional act and when an apparent intentional act, under the evidence, might be construed as an accidental act. This court is not persuaded to extend the rule under *Kearbey v. Reliable Life Insurance Company of Webster Groves, Missouri, supra.*

By contrast, respondent offers to this court, in support of the validity of the instruction, the argument that the term "accidental means" is to be held synonymous

with the term "causes". Respondent cites as authority for his argument, *Commercial Insurance Company of Newark, N. J. v. Orr*, 379 F.2d 865 (8th Cir. 1967).

This court takes no exception to the argument of the respondent on that issue, but the posture of the respondent does not address the problem before this court as regards the precise wording of instruction no. 5.

■ Under our law, for recovery upon accident policies, there is a basic requirement that plaintiff has the burden of proving an accident. The determination of this issue is one for the fact finder, whether court or jury. The sufficiency of the evidence on this point was not questioned on this appeal and this court could not pass upon that question.

■ It was error for the court to have given instruction no. 5 as it related to the particular policy provision in this particular case. The pertinent portion of the insurance policy herein reads, "If the Insured shall lose his life, independently of all other causes, as a direct result of an accidental bodily injury occurring while this policy is in force and death shall occur within one hundred and eighty days of the date of such accident, the Company will pay the sum specified in the above Schedule for such loss."

This policy did not contain provisional language which included the terms "as a result of external, violent and accidental means". Many policies contain such limiting language, "external, violent and accidental means" and had that been the case with the policy herein, instruction no. 5 would have been a proper definition of the term "accident" as applicable within the terms of the policy.

The court in *Commercial Insurance Company of Newark, N. J. v. Orr, supra*, a case dealing with policy language identical to the case herein, in addition to the explanation provided herein by the respondent as regards the terms "causes" and "means" as being synonymous, also pointed out that an insurance carrier is not entitled further to have embodied within that insurance agreement an additional requirement not contained specifically within the policy. The court in *Commercial Insurance Company of Newark, N. J. v. Orr, supra*, at 872, after pointing out that the policy therein contained language identical to the policy of the case herein stated,

"Appellant, relying upon this 'external means' authority, now apparently claims that although the insurance contract it sold to insured did not embody 'external violent and accidental means' language, recovery should only be allowed if there was such an external and violent occurrence. The imposition of an external means requirement on the insuring clause of the Orr policy which insured simply on the basis of 'accidental bodily injury' would amount to the judicial construction of the insurance policy in favor of the insurer."

The court in the above case pointed out that to permit such a practice violated the rule in *Mutual Life Ins. Co. of New York v. Hurni Packing Co.*, 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235 (1923).

In the case herein, the giving of instruction no. 5 placed a prohibited judicial construction upon the policy before the court. The result was to broaden the exclusionary clause, while narrowing the coverage under the policy. The term "accident" should have been defined in terms so as neither to broaden the exclusionary clause nor to narrow the coverage under the terms of the policy.

The plaintiff herein still has the burden to prove that an accident occurred which would qualify him as the surviving spouse of the decedent to recover under the terms of the policy. The harm done, as has been pointed out, was the imposition of prohibited construction upon this particular policy. For the reasons set forth above, this case is reversed and remanded for retrial upon the issues.

All concur.